GEORGE HEYER, PLAINTIFF, v. JUSTUS E. EIGENRAUCH, DEFENDANT.

Submitted January 31, 1930—Decided May 1, 1930.

Before Justices PARKER, BLACK and BODINE.

For the plaintiff, *Theodore D. Parsons.*

For the defendant, *James D. Carpenter, Jr.*

PER CURIAM.

This case arises out of a collision between two automobiles on the road running eastward from Keyport to Red Bank at Middletown. The plaintiff, who was driving his own car, sued for personal injuries and damage to the car, and the defendant counter-claimed for a corresponding cause of action. The jury found against the defendant on both issues and this rule is to review that finding.

The plaintiff, with two brothers-in-law, was returning from the funeral of his grandfather in South Jersey and, before reaching the place of collision, had been traveling northward on a road known as the Nut Swamp road which enters the main highway to Long Branch from the south at Middletown but does not cross it. The plaintiff's home was at Belford and to reach it his route lay from the junction of the Nut Swamp road with the main highway eastward some three or four hundred yards to a point where the road to New Monmouth branches off nearly at right angles to the north. The

accident occurred about at the corner of the main highway and the New Monmouth road. The evidence is greatly in disagreement but there is no doubt that the defendant, who was driving a Chrysler roadster of 1928, was proceeding westward on the main highway and the plaintiff rounded eastward from the Nut Swamp road into the main road and then undertook to round again to the northward from the main road into the New Monmouth road. The witnesses for the plaintiff were himself and his two brothers-in-law, and those for the defendant were himself and his two nephews who were riding in the car with him; a brother, who examined the plaintiff's car after the accident; a builder named Pease and his wife, who lived directly opposite the end of the New Monmouth road, the former testifying that he had seen the accident; and the Rev. Mr. Bleakney, who gave testimony with respect to the position of the cars after the accident. The testimony of the plaintiff and the two passengers in his car was that they had emerged from the Nut Swamp road into the main road and turned eastward and, after reaching a point suitable for turning north into New Monmouth road, the plaintiff had turned his car after looking behind to see that nothing was coming from the rear, and stopped to observe conditions to the eastward; that seeing nothing except the defendant's car, which was some hundreds of feet away, the plaintiff threw his car into low gear and started across the road into New Monmouth road and that his front wheels were off the concrete of the main road when the defendant's car apparently endeavored to cut across in front of it and the collision resulted in which the front and right side of the plaintiff's car were smashed with similar damage to the left side of the defendant's car. After the accident the defendant's car in some way had gotten beyond the New Monmouth road to a point on the north side of the main highway between two trees described as the second and third trees, and the plaintiff's car had been turned completely around with its rear facing the rear of defendant's car.

The defendant's claim is a most unusual one. It is in substance that as he undertook to cross the end of New Mon-

mouth road the plaintiff's car was more than one hundred and twenty-five feet distant to the west and that just when he got past the New Monmouth road, the plaintiff's car swerved over to the northward as though to cut ahead of him and he, the defendant, swerved his own car further to the north and went into the ditch between the trees designedly in order to avoid being struck, but that this manoeuver was unavailable to avert the collision.

On this flat contradiction of testimony as relates to the circumstances of the accident we are asked to decide that the verdict is so clearly against the weight of the evidence that, under the rules applicable in such cases, it ought to be set aside. We confess that we are quite unable to see the force of this argument. The plaintiff was well acquainted with the locality and, while the jury in all likelihood were entitled to take his story of the meticulous care he said he had exercised in making the turn in crossing the road with a certain amount of allowance, nevertheless the claim of the defendant that the plaintiff started to turn across the road at a point some forty or more feet west of the intersection of the New Monmouth road and in such a way as to run into the left side of the defendant's car at another point also considerably west of that road, contains elements of inherent improbability which in our estimation justified the jury in finding as they did. It may be conceded that after the accident both cars were west of New Monmouth road but that is readily accounted for on the theory that the momentum of the defendant's car dragged them both a number of feet before they came to a rest. We are by no means persuaded that this verdict was against the weight of the evidence and as the three reasons filed all relate to that point the rule to show cause will be discharged.